# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 207 | **DATE** | 2/25/2013 |
| **CASE TITLE** | Lundeen vs. Astrue | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Lundeen's Motion to Proceed *In Forma Pauperis* is granted. The parties shall inform the Court by March 1, 2013 if they consent to proceed before the magistrate judge.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Dennis Lundeen ("Lundeed") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, Lundeen's Motion to Proceed *In Forma Pauperis* is granted.

Lundeen his denial of Supplemental Social Security Income Benefits. Lundeen filed an application for benefits with the Commissioner on September 30, 2009. An Administrative Law Judge denied Lundeen's claim on August 12, 2011. Lundeen subsequently requested review from the Social Security Administration Appeals Council, which denied his request for review on November 9, 2012. Lundeen claims the Administrative Law Judge's decision denying him benefits is not supported by substantial evidence, and asks the Court to reverse the Commissioner's decision, or, in the alternative, remand this case to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Lundeen to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Lundeen need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* Lundeen is unemployed and has not been employed since October 2008. Lundeen does not own real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash in a checking or savings account. Based on these facts, Lundeen's financial affidavit sets forth his inability to pay the mandated court fees.

Lundeen challenges the final decision of the Commissioner in this appeal. The Social Security Act requires that a complaint challenging a final decision of the Commissioner be filed within sixty days of receiving the decision. 42 U.S.C. § 405(g); *Johnson v. Sullivan*, 992 F.2d 346, 355 (7th Cir. 1990). The date of receipt is presumed to be five days after the date of the notice, unless the plaintiff can make a reasonable showing tot he contrary. *See 20 C.F.R.* §§ 404.901, 422.210(c). Lundeen filed his Complaint on January 11, 2013, sixty-three

| STATEMENT |
|---|
| days after the Appeals Council's denial – presumably fifty eight-days after receipt of the decision. Accordingly, Lundeen's Complaint is timely and properly before the Court. Lundeen also asserts that the finding that he is not entitled to supplemental income benefits is not supported by substantial evidence. Lundeen has therefore adequately stated a cause of action to give rise to plausible entitlement to relief. *See Iqbal*, 556 US. At 678 (quoting *Twombly*, 550 U.S. at 555). Therefore his motion to proceed *in forma pauperis* is granted. The parties shall inform the Court by March 1, 2013 if they consent to proceed before the magistrate judge. |